# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | | |
|---|---|---|
| KING GRANT-DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | No. 2:19-cv-0392-DCN-TER |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| ATTORNEY GENERAL ALAN WILSON, | ) | |
| MARK KEEL, Chief of the South Carolina | ) | |
| Law Enforcement Division, WILLIAM | ) | |
| BARR, United States Attorney General, and | ) | |
| BENJAMIN CARSON, United States | ) | |
| Secretary of Department of Housing and | ) | |
| Urban Development, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on defendants South Carolina Attorney General Alan Wilson and Chief of the South Carolina Law Enforcement Division Mark Keel's (the "State Defendants") motion to dismiss, ECF No. 81, and United States Attorney General William Barr and United States Secretary of Department of Housing and Urban Development Benjamin Carson's (the "Federal Defendants") motion to dismiss, ECF No. 83. For the reasons set forth below, the court denies the motions to dismiss without prejudice and grants plaintiff King Grant-Davis ("Grant-Davis") leave to amend his complaint.

## I.  BACKGROUND

Grant-Davis is a disabled senior citizen and a convicted sex offender living in Charleston, South Carolina. Am. Compl. ¶¶ 25, 8, 9. In early 2018, Grant-Davis "submitted two applications with the Housing Authority of the City of Charleston requesting Public Housing or Section 8 Housing." Id. ¶ 25. The Housing Authority

1

found Grant-Davis "ineligible" for housing assistance because he was "subject to a lifetime registration requirement under a state sex offender registration program." Id. ¶ 26. Grant-Davis was unsuccessful in his appeal of the ruling. Id. Grant-Davis filed this action to challenge the constitutionality, facially and as applied to him, of South Carolina's Sex Offender Registry Act, S.C. Code Ann. § 23-3-400, et seq., the federal Sex Offender Registration and Notification Act, 34 U.S.C. § 20901, et seq., and numerous other federal statutes. All pretrial proceedings in this case were referred to Magistrate Judge Thomas E. Rogers pursuant to 28 U.S.C. 636(b)(1)(A), (B) and Local Civ. Rule 73.02(B)(2)(g) (D.S.C).

After filing his complaint, Grant-Davis submitted multiple documents all entitled "Notice of Joinder," in which he presented additional factual allegations and claims. ECF Nos. 53, 56, 62-64, 66-68, 70-71. On May 23, 2019, the State Defendants moved to dismiss, ECF No. 27, and, on June 12, 2019, the Federal Defendants moved to dismiss, ECF No. 32. On June 24, 2019, Grant-Davis moved to amend his complaint, ECF No. 37, and, on January 24, 2020, Magistrate Judge Rogers granted Grant-Davis's motion to amend and denied defendants' motions to dismiss as moot, ECF No. 75.

Grant-Davis filed his amended complaint on January 24, 2020 but failed to add many of his claims raised in his "Notice of Joinder" filings. Compare ECF No. 77 with ECF Nos. 53, 56, 62-64, 66-68, 70-71. On February 7, 2020, the State Defendants moved to dismiss Grant-Davis's amended complaint. ECF No. 81. On February 10, 2020, the Federal Defendants also moved to dismiss the amended complaint. ECF No. 83. Grant-Davis timely responded to both motions. ECF Nos. 91, 92. Grant-Davis then submitted additional "Notice of Joinder" documents alleging new claims. ECF Nos. 98-

99. On July 31, 2020, Magistrate Judge Rogers filed a Report and Recommendation recommending that both motions to dismiss be granted (the "R&R"). ECF No. 100. Grant-Davis filed objections to the R&R, in which he also requested leave to further amend his complaint. ECF Nos. 110, 121. On September 16, 2020, the State Defendants responded. ECF No. 124. On September 23, 2020, Grant-Davis replied. ECF No. 125. As such, the motions to dismiss are now ripe for review.

## II. STANDARD

This court is charged with conducting a de novo review of any portion of the Magistrate Judge's R&R to which specific, written objections are made. 28 U.S.C. § 636(b)(1). A party's failure to object is accepted as agreement with the conclusions of the Magistrate Judge. See Thomas v. Arn, 474 U.S. 140, 149–50 (1985). The recommendation of the Magistrate Judge carries no presumptive weight, and the responsibility to make a final determination rests with this court. Mathews v. Weber, 423 U.S. 261, 270-71 (1976). However, de novo review is unnecessary when a party makes general and conclusory objections without directing a court's attention to a specific error in the Magistrate Judge's proposed findings. Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a specific objection, the court reviews the R&R only for clear error. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (citation omitted).

A Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted "challenges the legal sufficiency of a complaint." Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009) (citations omitted); see also Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) . . .

does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). To be legally sufficient, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A Rule 12(b)(6) motion should not be granted unless it appears certain that the plaintiff can prove no set of facts that would support his claim and would entitle him to relief. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). When considering a Rule 12(b)(6) motion, the court should accept all well-pleaded allegations as true and should view the complaint in a light most favorable to the plaintiff. Ostrzenski v. Seigel, 177 F.3d 245, 251 (4th Cir. 1999); Mylan Labs., Inc., 7 F.3d at 1134. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

### III.   DISCUSSION

Among his many objections to the R&R, Grant-Davis specifically objects to the Magistrate Judge's recommendation that his "motions for joinder" and request to amend his complaint be denied. ECF No. 110 at 1-4. As explained below, the court agrees that Grant-Davis should be permitted to amend his complaint. Because the court denies the motions to dismiss as moot on this basis, the court need not consider Grant-Davis's other objections to the R&R.

In his responses and objections, Grant-Davis discusses his "joindered claims," meaning those claims alleged in his "Notice of Joinder" filings and not included in his amended complaint. See ECF Nos. 53, 56, 62-64, 66-68, 70-71, 98-99. In his responses to the motions to dismiss, Grant-Davis argues that defendants have not responded to, and thus have waived any defenses to, these claims. See ECF No. 91 at 7. Alternatively, Grant-Davis requests leave to further amend his complaint to include these claims if necessary for consideration. ECF No. 91 at 15. In the R&R, Magistrate Judge Rogers recommended that the court deny Grant-Davis leave to amend and considered the amended complaint without the "joindered claims." ECF No. 100 at 2-3. In his objections to the R&R, Grant-Davis argues that the Magistrate Judge erred in failing to consider the nine "joindered claims" and in recommending that the court deny Grant-Davis leave to amend. ECF No. 110 at 3.

Federal Rule of Civil Procedure 18(a) provides that "[a] party asserting a claim [] may join, as independent or alternative claims, as many claims as it has against an opposing party." However, a plaintiff must assert all such claims in his or her complaint. See FED. R. CIV. P. 8. Rule 18 makes no mention of adding causes of action or amending a complaint once an action has commenced. Accordingly, Grant-Davis is mistaken in his contention that he may join claims through the submission of motions or notices of joinder under Rule 18. Instead, Federal Rule of Civil Procedure 15 addresses the proper method for amending pleadings. Under Rule 15, a party may amend its pleading once as a matter of course within 21 days after serving it. Otherwise, a party may only amend its pleading with the opposing party's written consent or the court's leave. Id. The Magistrate Judge recommended that the court deny Grant-Davis leave to amend because

any amendment "would be futile." ECF No. 100 at 3, n. 2. However, the court cannot deduce whether amendment would be futile from the one footnote in the R&R meant to address all nine of Grant-Davis's proposed additional claims. Defendants do not provide any further analysis of Grant-Davis's proposed amendments and simply cite this footnote in the R&R to argue that leave to amend should be denied. ECF No. 124 at 5. Rule 15(a)(2) provides that leave to amend a pleading should be given freely when justice so requires. Accordingly, the court in its discretion permits Grant-Davis to amend his complaint to include all his asserted claims and denies as moot defendants' motions to dismiss. To be clear, Grant-Davis is directed to include <u>all</u> claims he wishes the court to consider in his second amended complaint, including any claims alleged in his "Notice of Joinder" or other filings. The court will not consider <u>any</u> of Grant-Davis's claims outside of the second amended complaint.

## IV.   CONCLUSION

For the foregoing reasons the court **DENIES WITHOUT PREJUDICE** defendants' motions to dismiss and **GRANTS** plaintiff leave to amend his amended complaint. Plaintiff has until November 16, 2020 to file his second amended complaint, and the court **REMANDS** the case to Magistrate Judge Rogers to consider such newly amended complaint.

**AND IT IS SO ORDERED.**

**DAVID C. NORTON
UNITED STATES DISTRICT JUDGE**

**October 27, 2020
Charleston, South Carolina**