# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| KING GRANT-DAVIS, ) | |
| ) | |
| Plaintiff, ) | No. 2:19-cv-0392-DCN-TER |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| ALAN WILSON, *South Carolina Attorney* ) | |
| *General*, MARK KEEL, *Chief of the South* ) | |
| *Carolina Law Enforcement Division*, ) | |
| WILLIAM BARR, *United States Attorney* ) | |
| *General*, and BENJAMIN CARSON, ) | |
| *United States Secretary of Department of* ) | |
| *Housing and Urban Development*, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the court on Magistrate Judge Thomas E. Rogers, III's report and recommendation ("R&R"), ECF No. 164, that the court (1) grant former United States Attorney General William Barr and former United States Secretary of Department of Housing and Urban Development Benjamin Carson's (the "Federal Defendants") motion to dismiss, ECF No. 136; (2) grant defendants South Carolina Attorney General Alan Wilson and Chief of the South Carolina Law Enforcement Division Mark Keel's (the "State Defendants") motion to dismiss, ECF No. 140; and (3) deny plaintiff King Grant-Davis's ("Grant-Davis") motion for partial summary judgment, ECF No. 152. For the reasons set forth below, the court adopts the R&R and dismisses the case in its entirety.

## I. BACKGROUND

Grant-Davis is an allegedly disabled senior citizen and a convicted sex offender living in Charleston, South Carolina. When Grant-Davis moved from New York to

1

South Carolina in May of 2005, he was required to comply with the sex offender registration requirements of this state.  In January of 2017, Grant-Davis applied for tenant-based or project-based housing assistance, but City of Charleston Housing Authority officials denied his applications pursuant to 42 U.S.C. § 13663, which directs "an owner of federally assisted housing to prohibit admission to such housing for any household that includes any individual who is subject to a lifetime registration requirement under a State sex offender registration program."  42 U.S.C. § 13663(a).  Grant-Davis was unsuccessful in his appeal of the ruling.  Grant-Davis filed this action to challenge the constitutionality—facially and as applied to him—of South Carolina's Sex Offender Registry Act, S.C. Code Ann. § 23-3-400, et seq.; the federal Sex Offender Registration and Notification Act ("SORNA"), 34 U.S.C. § 20901, et seq.; and numerous other federal statutes.  All pretrial proceedings in this case were referred to Magistrate Judge Rogers pursuant to 28 U.S.C. §§ 636(b)(1)(A), (B), and Local Civ. Rule 73.02(B)(2)(g) (D.S.C).

On December 2, 2020, the Federal Defendants filed a motion to dismiss, ECF No. 136, to which Grant-Davis responded on December 16, 2020, ECF No. 149.  On December 4, 2020, the State Defendants filed a motion to dismiss, ECF No. 140, to which Grant-Davis did not respond.  On April 19, 2021, Grant-Davis filed a motion for partial summary judgment.  ECF No. 152.  On May 3, 2021, the Federal Defendants responded to that motion, ECF No. 153, and on May 5, 2021, the State Defendants also responded, ECF No. 154.  On May 11, 2021, Grant-Davis replied.  ECF Nos. 153, 154.  On July 15, 2021, Magistrate Judge Rogers filed the R&R, recommending that the court grant the motions to dismiss and deny the motion for summary judgment.  ECF No. 164.

2

On July 27, 2021, Grant-Davis filed objections to the R&R. ECF No. 169. Neither the Federal Defendants nor the State Defendants responded to those objections, and the time to do so has now expired. As such, the matter is now ripe for the court's review.

## II.  STANDARD

This court is charged with conducting a de novo review of any portion of the Magistrate Judge's R&R to which specific, written objections are made. 28 U.S.C. § 636(b)(1). A party's failure to object is accepted as agreement with the conclusions of the Magistrate Judge. See Thomas v. Arn, 474 U.S. 140, 149–50 (1985). The recommendation of the Magistrate Judge carries no presumptive weight, and the responsibility to make a final determination rests with this court. Mathews v. Weber, 423 U.S. 261, 270–71 (1976). However, de novo review is unnecessary when a party makes general and conclusory objections without directing a court's attention to a specific error in the Magistrate Judge's proposed findings. Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a specific objection, the court reviews the R&R only for clear error. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (citation omitted).

A Federal Rule of Civil Procedure 12(b)(6) motion for failure to state a claim upon which relief can be granted "challenges the legal sufficiency of a complaint." Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009) (citations omitted); see also Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) . . . does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). To be legally sufficient, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled

to relief." Fed. R. Civ. P. 8(a)(2). A Rule 12(b)(6) motion should not be granted unless it appears certain that the plaintiff can prove no set of facts that would support his claim and would entitle him to relief. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). When considering a Rule 12(b)(6) motion, the court should accept all well-pleaded allegations as true and should view the complaint in a light most favorable to the plaintiff. Ostrzenski v. Seigel, 177 F.3d 245, 251 (4th Cir. 1999); Mylan Labs., Inc., 7 F.3d at 1134. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

### III.   DISCUSSION

Grant-Davis raises eleven objections to the R&R, including an objection for every count enumerated in his second amended complaint, now the operative complaint. Grant-Davis's first objection challenges the Magistrate Judge's alleged disregard of Grant-Davis's "Exhibits." ECF No. 169 at 4. The court finds no error in this respect. The Magistrate Judge "was not required to recite in its [R]&R the entirety of Plaintiff's Complaint and exhibits." Sparks v. Iredell-Statesville Bd. of Educ., 2021 WL 1540993, at *2 (W.D.N.C. Apr. 20, 2021). Grant-Davis fails to explain how any of his exhibits salvage his claims. Moreover, this court has reviewed the complaint in its entirety, including the exhibits, and finds that none of Grant-Davis's exhibits alters

the Magistrate Judge's or this court's analysis or legal conclusions. Thus, the court overrules this objection.

Grant-Davis's Objections 2, 3, and 5 state nothing more than "disagreement with [the] magistrate's suggested resolution" of the motions to dismiss as to Counts 1, 2 and 4, respectively, rather than specifically identifying any factual or legal error in the R&R. See Aldrich v. Bock, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). Therefore, the court considers these general objections and reviews the same for clear error. Finding none, the court overrules the objections.

In Objection 4, Grant-Davis objects to the Magistrate Judge's finding that SORNA is not punitive on its face or as applied to Grant-Davis and his recommendation that the court dismiss Count 3. Grant-Davis argues that the Magistrate Judge "did not take seriously any proofs outside or inside of the statute," "consider the 'as applied' effect of SORNA," or consider Grant-Davis's exhibits in support of this ground. ECF No. 169 at 5. The court overrules these objections. The Magistrate Judge properly relied on Fourth Circuit precedent addressing Grant-Davis's exact argument regarding SORNA. As the Magistrate Judge explained, the Fourth Circuit has already held that "SORNA is non-punitive, 'both in purpose and effect.'" ECF No. 164 at 12 (citing United States v. Wass, 954 F.3d 184, 189 (4th Cir. 2020); United States v. Under Seal, 709 F.3d 257, 263 (4th Cir. 2013)). This court agrees that the law is well-settled in this regard. Therefore, the court finds that the Magistrate Judge did not err in relying on clear Fourth Circuit precedent in recommending dismissal of Count 3.

In Objection 6, Grant-Davis argues that the Magistrate Judge did not properly consider the "separation of powers issue." ECF No. 169 at 6. In his complaint, Grant-Davis alleges at Count 7 that "Congress violated the separation of powers doctrine by

5

passing the Wetterling Act and the Walsh Act and coerced the individual states to adopt and enforce those crime control policies and applying them to the plaintiff in the states." Sec. Am. Compl. ¶ 52.  The Magistrate Judge explained that these "naked assertions, which are devoid of any factual enhancement, are insufficient to state a plausible claim." See Twombly, 550 U.S. at 555.  Moreover, the Magistrate Judge explained that Grant-Davis's arguments "have already been raised and rejected by the Supreme Court, United States, and/or other federal courts."  ECF No. 164 (citing United States v. Kebodeaux, 570 U.S. 387, 393–97 (2013); Gundy v. United States, 139 S. Ct. 2116, 2121 (Kagan, J.) (plurality opinion) (2019); Orfield v. Virginia, 2012 WL3561920, at *2 (E.D. Va. Aug. 16, 2012)).  The court agrees with the Magistrate Judge on both fronts and therefore overrules Grant-Davis's objection.

       Grant-Davis argues via Objections 7 and 8 that the Magistrate Judge improperly applied precedent in recommending dismissal of Counts 6 and 7, respectively.  The court disagrees.  In Count 6, Grant-Davis alleges that the Attorney General erroneously determined that SORNA may be applied retroactively.  In Count 7, Grant-Davis relatedly alleges that Congress improperly delegated the determination of whether SORNA applies retroactively to the Attorney General.  The Magistrate Judge correctly observed that Grant-Davis's arguments have been addressed and foreclosed by the Supreme Court in Gundy, 139 S. Ct. at 2121.  The court finds that the Magistrate Judge accurately summarized and applied the relevant law regarding Counts 6 and 7 and need not repeat that analysis here.  The court overrules Grant-Davis's objection to the contrary.

       In Objection 9, Grant-Davis reiterates arguments he raised in opposing defendants' motions to dismiss as to Count 8.  Count 8 alleges that Grant-Davis's

exclusion from federally-assisted housing benefits due to his lifetime registration requirement is an equal protection violation. A district court "may reject perfunctory or rehashed objections to R&Rs that amount to a second opportunity to present the arguments already considered by the Magistrate Judge." Heffner v. Berryhill, 2017 WL 15 3887155, at *3 (D.S.C. Sept. 6, 2017) (internal quotation marks omitted). The Magistrate Judge thoroughly considered and rejected the arguments Grant-Davis raises in this objection. Grant-Davis fails to point to any specific error in that consideration, and the court therefore adopts the R&R with respect to Count 8.

Grant-Davis claims in Objection 10 that the Magistrate Judge failed to consider "Count 9" of his complaint. ECF No. 169 at 8. Grant-Davis's second amended complaint included no such count. In its October 27, 2020 order granting Grant-Davis leave to file a second amended complaint, this court specifically instructed Grant-Davis to "include all claims he wishes the court to consider in his second amended complaint, including any claims alleged in his 'Notice of Joinder' or other filings." ECF No. 126 at 6 (emphasis in original). The court clarified that it would "not consider any of Grant-Davis's claims outside of the second amended complaint." Id. (emphasis in original). On November 18, 2020, Grant-Davis filed his second amended complaint. ECF No. 134. On December 3, 2020, Grant-Davis filed a motion for leave to amend that complaint yet again. ECF No. 139. On July 15, 2021, the Magistrate Judge denied that motion. ECF No. 163. On August 10, 2021, Grant-Davis moved this court for relief from the Magistrate Judge's July 15 order. ECF No. 170. Upon consideration, the court does not find any reason for relief under Federal Rule of Civil Procedure 60(b) or otherwise. Therefore, the court denies the motion. Because Grant-Davis did not include a "Count 9"

in his second amended complaint, the Magistrate Judge did not err in failing to consider such a claim, and the court overrules the objection.

Finally, in Objection 11, Grant-Davis argues that the Magistrate Judge erred by failing to take "judicial notice" of his exhibits. ECF No. 169 at 8. For the same reasons discussed at Objection 1, the court overrules this objection.

## IV.   CONCLUSION

For the foregoing reasons the court **ADOPTS** the Magistrate Judge's R&R, **GRANTS** defendants' motions to dismiss, **FINDS AS MOOT** Grant-Davis's motion for summary judgment, and **DENIES** Grant-Davis's motion for relief from the Magistrate Judge's order.

**AND IT IS SO ORDERED.**

DAVID C. NORTON
UNITED STATES DISTRICT JUDGE

**September 20, 2021
Charleston, South Carolina**